UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SANDRA THOMAS, ADMINISTRATRIX OF THE
ESTATE OF JOHN W. THOMAS, DECEASED                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:14cv419-DPJ-FKB

RANKIN COUNTY, MISSISSIPPI, et al.                                    DEFENDANTS


<u>ORDER</u>

This action is before the Court on two motions:  Defendants Health Assurance, LLC and

Dr. Carl Reddix's Motion to Dismiss [21] and Defendants Ronnie Andrews and Russell

Harvey's Motion to Dismiss [40].  Defendants claim that the Amended Complaint [18] was filed

after the statute of limitations had run and that the "relation back" principles in Mississippi Rule

of Civil Procedure 15(c) do not apply.  *See* Defs.' Mem. [22].  The Court, having considered the

memoranda and submissions of the parties, along with the pertinent authorities, finds that

Defendants Health Assurance, Reddix, and Harvey should be dismissed.  Defendant Andrews'

motion is denied.

I.       Background Facts

On December 24, 2011, John W. Thomas died due to cardiovascular failure that occurred

while incarcerated at the Rankin County Detention Center (RCDC).  Compl. [1] at 7.  His estate

brought suit on May 23, 2014, against Rankin County, Mississippi, Sheriff Bryan Bailey, the

Rankin County Board of Supervisors, and ten (10) unnamed employees of the RCDC.  *Id.* at 1.

In their August 19, 2014 answer, Defendants specifically referenced Health Assurance, LLC's

contract to provide health-care services at the RCDC.  Two months later, on October 30, 2014,

Defendants provided their pre-discovery disclosures specifically identifying Dr. Carl Reddix.

After receiving these pre-discovery disclosures, Thomas moved for leave to amend on November 26, 2014, asking the Court to allow her "to add" Health Assurance LLC, Dr. Carl Reddix, Ronnie E. Andrews, and Russel Harvey.  Pl.'s Mot. [11] at 1.  The motion attached a proposed amended complaint.  *Id.* at Ex. 1.  The Magistrate Judge granted that motion on December 23, 2014, less than two (2) weeks after it was fully briefed, and Thomas filed her First Amended Complaint ("FAC") [18] on December 29, 2014.  Defendants Health Assurance LLC, Reddix, Andrews, and Harvey now move to dismiss under Rule 12(b)(6) because the FAC was untimely filed.

II.     Standard

In considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations and footnote omitted).

Finally, dismissal under Rule 12(b)(6) may be proper "where it is evident from the plaintiff's pleadings that the action is [time] barred and the pleadings fail to raise some basis for tolling or the like."  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (cited in *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 351  52 (5th Cir. 2011) (per curiam).

III.     Analysis

Health Assurance, Reddix, Harvey, and Andrews argue that the claims against them are time barred because the FAC was filed after the statue of limitations expired.  Plaintiff responds with three general arguments: (1) the FAC does not establish the accrual date which is otherwise a question of fact; (2) the date relates back because Plaintiff substituted these Defendants for fictitious parties; and (3) the date should toll while the motion to amend was pending.  These arguments are not persuasive.

A.     Accrual Date

"Under federal pleading requirements, . . . a plaintiff is not required to allege that his claims were filed within the applicable statute of limitations."  *Frame v. City of Arlington*, 657 F.3d 215, 239  40 (5th Cir. 2011).  But "[t]o be sure, a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling."  *Id*. at 240.

Starting on common ground, the parties agree that the Court must apply Mississippi's general three-year limitations period.  *See Edmonds v. Oktibbeha Cnty., Miss*., 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249  50 (1989)); *see also* Miss. Code Ann. § 15  1  49 (2011)).

The accrual date is, however, disputed and is governed by federal law.  *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002.  And under that standard,

> the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.  A plaintiff's awareness encompasses two elements:  (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.  A plaintiff need not know that she has a legal cause of

> action; she need know only the facts that would ultimately support a claim.
> Actual knowledge is not required if the circumstances would lead a reasonable
> person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citations omitted, punctuation altered).  In other words, "she must have knowledge of facts that would lead a reasonable person (a) to conclude that there was a causal connection . . . or (b) to seek professional advice, and then, with that advice, to conclude that there was a causal connection between the defendant's acts and injury."  *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983) (quoted in *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)).

In *Brockman v. Texas Department of Criminal Justice*, the Fifth Circuit examined the accrual date for a § 1983 wrongful-death claim related to deficient medical care.  397 F. App'x 18, 22 (5th Cir. 2010).  Similar to the present case, the wrongful-death beneficiaries claimed that the prison failed to give the decedent needed medication and that he died as a result on January 5, 2006.  *Id*. at 20.  The plaintiff sued January 4, 2008, but the district court dismissed the claim under Rule 12(b)(6) based on Texas's two-year statute of limitations.  *Id*. at 21.  The Fifth Circuit affirmed:  "Since [the decedent] should have known the quality of the treatment he was receiving for his [condition] before January 4, 2006, the district court correctly concluded that all claims based on conduct preceding January 4, 2006 are time-barred."  *Id*.  Thus the court focused on the decedent's knowledge.

It is at least arguable that a wrongful-death action could not accrue before death.  *See Johnston v. United States*, 85 F.3d 217, 224 (5th Cir. 1996).  But the pleadings in the present case, like in *Brockman*, show that accrual occurred no later than the day Thomas died.  Thomas was incarceration at RCDC on December, 17, 2011.  FAC [18] ¶ 15.  Both he and his survivors

4

were aware that Thomas "suffered from and had been diagnosed with cardiac conditions which necessitated daily prescription medications." *Id.* ¶ 19. Plaintiff also contends that "decedent's family was refused permission to bring his daily physician prescribed medications" and that he "received no medications from the RCDC healthcare providers, which led to and caused his cardiac arrest." *Id.* That event occurred December 20, 2011, *id.* ¶ 17, and Thomas passed four days later on December 24 "of cardiovascular failure after being deprived of his prescription medications[] during his detention in the RCDC . . . ." *Id.* ¶ 18.

Accepting these averments as true, Thomas and his survivor knew or should have known both the existence of the injury and the "connection between the injury and the defendant's actions" when he collapsed from cardiac arrest December 20 after having been denied his heart medicine. *Piotrowski*, 237 F.3d at 576. The claim accrued at the latest on December 24, 2014, the three-year anniversary of decedent's death. The FAC   filed five (5) days later   was delinquent on its face.

B.    Substitution of Fictitious Party

In the event the claim accrued by December 24, 2014, Plaintiff offers two alternative arguments. The first states that "[u]nder Mississippi law, 'a true substitution for a fictitious party will relate back to the original filing date under Miss. R. Civ. P. 15(c)(2).'" Pl.'s Resp. [31] at 7 (quoting *Pruitt v. Invacare Corp.*, Civil Action No. 2:13CV293-TSL-JCG, 2014 WL 5465342, at *4 (S.D. Miss. Oct. 28, 2014)); *see also* Pl.'s Resp. [45] at 7.

Thomas's Rule 15(c)(2) argument is legally correct but factually unsupported as to Health Assurance, Reddix, and Harvey   Andrews is another matter. To begin, Thomas is correct that this Court must apply the Mississippi rules. *White v. McMillin*, Civil Action No. 3:09cv120-

5

DPJ-FKB, 2011 WL 3555766, at *8 (S.D. Miss. Aug. 11, 2011).  And she is likewise correct that

under Rule 15(c)(2), "[a]n amendment pursuant to Rule 9(h) is not an amendment changing the

party against whom a claim is asserted and such amendment relates back to the date of the

original pleading."  Looking then to Rule 9(h), it allows amendment to a pleading "by

*substituting* the true name" of a party once his or her identity is discovered.  (Emphasis added).

Thus, if Thomas substituted Health Assurance, Reddix, Harvey, and Andrews for fictitious

parties in the original complaint, the FAC would relate back under Rule 15(c)(2).

        1.     Health Assurance, Reddix, and Harvey

     The problem for Thomas  with respect to Health Assurance, Reddix, and Harvey  is

that the FAC did not substitute named defendants for fictitious ones.  First, Thomas's motion

seeking leave to amend plainly requests "to *add* Health Assurance LLC and Dr. Carl Reddix as

party defendants" and "to *add* . . . Russell Harvey . . . ."  Pl.'s Mot. [11] at 1 (emphasis added);

*see also* Pl.'s Resp. [31] at 2; Pl.'s Resp. [45] at 2 (both describing the "adding" of defendants).

Second, the original complaint listed the following as fictitious Defendants:  "John Does 1  5,

Individually and in Their Official Capacities as [RCDC] Commanders and Facility

Administrator" and "Richard Roes 1  5, [RCDC] Supervisory Officials and Correctional

Officers[.]"  Compl. [1] at 1.  This language is unchanged in the FAC, except for the removal of

the "Facility Administrators" descriptor of John Does 1  5.  *See* FAC [18] at 1.  Third, the claims

against Dr. Reddix and Health Assurance, *id.* ¶¶ 22, 36, 48, 55, 56, are not the same as the claims

against John Does 1  5 in the original compliant.  *See* Compl. [1] ¶¶ 19, 33, 45, 52, 53.  Finally,

the number of fictitious defendants is the same in both the FAC and the original complaint.  *Id.*

These are essentially the same facts examined in *Wilner v. White*, where the Mississippi Supreme Court held:

> In order for Rule 9(h) to apply, there must be a substitution of a true party name for a fictitious one. However, this is not the case here. Wilner did name four "John Doe" defendants in his original complaint, but did not substitute White's name for a "John Doe," but simply added White's name. The four "John Does" remained as named defendants in the amended complaint. This is an improper substitution of parties under 9(h) according to our decision in *Doe v. Miss. Blood Servs., Inc.*, 704 So. 2d 1016, 1018 (Miss.1997).

929 So. 2d 315, 322 (Miss. 2006) (holding claim did not relate back under Rule 15(c)(2)).

And *Wilner* was not an isolated holding. *See, e.g.*, *White*, 2011 WL 3555766, at *9 ("[I]t does not appear that Plaintiffs' proposed amended complaint substitutes the new defendants for the original John Does. *Wilner* therefore blocks their efforts to file it." (citing *Wilner*, 929 So. 2d at 322)); *Curry v. Turner*, 832 So. 2d 508, 513 (Miss. 2002) (holding that new defendants were not "substituted for fictitious parties in the original complaint"); *Doe v. Miss. Blood Servs., Inc.*, 704 So. 2d 1016, 1019 (Miss. 1997) (refusing to apply Rule 15(c)(2) or Rule 9(h) where number of fictitious defendants did not change). Since Defendants Health Assurance, Reddix, and Harvey were added in the FAC, Rule 9(h) was not invoked, and the claims do not relate back under Rule 15(c)(2).

2.      Andrews

The same law applies to Andrews, but the result is different. Unlike the other named defendants, Thomas substituted Andrews for a fictitious defendant. In her original complaint, the John Does included by description "Facility Administrators." Compl. [1] at 1. The FAC adds Andrews (an RCDC Administrator) and then deletes the reference to "Facility Administrators" from the fictitious defendants. *Compare* FAC [18] at 1 *with* Compl. [1] at 1.

The Court acknowledges that the number of John Doe defendants remained the same and that Plaintiff used the word "add" in her motion seeking leave to amend. But in *Doe* and other similar cases, no effort was made to change the roster of John Doe defendants. *See Doe*, 704 So. 2d at 1018. For example, *Doe* quotes from *Schultz v. Romanace*, where the plaintiff added the new names "without deleting any fictitious name that was included in the original petition." 906 S.W.2d 393, 395  96 (Mo. Ct. App. 1995) (applying analogous state law and finding no substitution of parties). Here, Thomas added a named administrator and removed the fictitious reference to an unknown administrator. Although the number of John Does remained the same, the description of those unnamed defendants changed. Calling this anything other than a substitution would place form over substance.

C.      Equitable Tolling

Plaintiff's final alternative argument urges the Court to toll the limitations period for the time her motion to amend remained pending. She bases her argument on *Bradley v. Armstrong Rubber Co.*, a case applying federal-tolling standards. 46 F. Supp. 2d 583, 586 (S.D. Miss. 1999) (citing *Rademaker v. E.D. Flynn Export Co.*, 17 F.2d 15 (5th Cir. 1927)). But cases like *Bradley* are not applicable because the Court looks to "the forum's state's equitable tolling principles[]" just as it would for the statute of limitations. *Bell v. Children's Protective Serv.'s*, 547 F.App'x 453, 456 (5th Cir. 2013) (citing *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998)).

Under applicable Mississippi law, "[t]he filing of a motion to amend does not toll the statute of limitations until the court rules on the motion." *Wilner*, 929 So. 2d at 319 (citation omitted) (citing *Curry*, 832 So. 2d at 514). Accordingly, "'if an amended complaint is filed after the statute of limitation has run   regardless of when the motion to amend was made   the statute

8

of limitations bars suits against newly named defendants.'"  *Id.*  And as such, Plaintiff's claims were not tolled while the motion was pending from November 26, 2014, until December 23, 2014.[1]

IV.    Conclusion

The Court has considered the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, the Court finds that Defendants Health Assurance and Dr. Reddix's Motions to Dismiss [21] should be granted.  Defendants Harvey and Andrews' Motion to Dismiss [40] is granted as to Harvey but denied as to Andrews. As there exists no just reason for delay of judgment, a separate judgment will be entered under Rule 58.  *See* Fed. R. Civ. P. 54(a).

**SO ORDERED AND ADJUDGED** this the 30th day of September, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1]The Court recognizes that Thomas received leave to amend the day before the statute of limitations expired, which did not leave much time to act.  But there was time.  In any event, tolling does not apply.